UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JUAN M. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| v.   ) | Case No. 13-CV-2070 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

Petitioner, Juan M. White, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) on March 26, 2013. The government filed a Motion to Dismiss (#10) on June 5, 2013. Petitioner filed his Response (#12) to the Motion to Dismiss on June 17, 2013. For the following reasons, the government's Motion to Dismiss (#10) is GRANTED and Petitioner's Petition (#1) is dismissed for lack of jurisdiction.

BACKGROUND

Petitioner was convicted following a jury trial of distribution of 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), in Case No. 03-CR-20092. On November 29, 2006, Petitioner was sentenced to 360 months in the Bureau of Prisons. On March 5, 2008, the Seventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. White*, 519 F.3d 342 (7th Cir. 2008). Petitioner filed a first petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on August 3, 2009 (Case No. 09-CV-2184). On December 4, 2009, this court issued an Opinion denying Petitioner's first § 2255 petition. This court denied a certificate

of appealability on February 3, 2010. On August 23, 2010, the Seventh Circuit denied Petitioner's request for a certificate of appealability.

On April 16, 2012, Petitioner filed a pro se motion for retroactive application of the sentencing guidelines to crack cocaine offense in his criminal case. This court appointed the federal defender and on May 11, 2012, the federal defender, in agreement with the government, filed an "Amended Motion to Reduce Sentence." The amended motion was made pursuant to 18 U.S.C. § 3582(c)(2). The motion noted that under retroactive amendment 750 to the United States Sentencing Guidelines Petitioner's base offense level should be recalculated from 38 to 36, resulting in a lower total offense level of 39 (instead of the original 41). Combined with a criminal history category of II, Petitioner's guideline range was recalculated as 292 to 365 months. The motion requested "that this Honorable Court GRANT the Defendant's motion to reduce sentence and enter an Amended Judgment and Conviction sentencing the Defendant to 292 months' imprisonment ..." On June 21, 2012, this court, without a hearing, entered a short form order that stated the following:

> "Upon motion of [the defendant] under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable,
>
> **IT IS ORDERED** that the motion is:
>
> GRANTED and the defendant's previously imposed sentence of imprisonment (*as reflected in the last judgment issued*) of 360 months is reduced to

  292 months[].

    \*\*\*

  Except as otherwise provided, all provisions of the judgment dated 12/1/06 shall remain in effect.

  **IT IS SO ORDERED.**"

  Petitioner filed the instant petition on March 26, 2013.  In the petition, he argues that this court improperly found that he had, in the drug offense for which he was convicted, a "manager/supervisor" role under the Sentencing Guidelines, which earned him an enhanced sentence.  He further argues that his sentence should be reduced due to acceptance of responsibility and his completion of several institutional programs in the Bureau of Prisons.  Petitioner also notes that he has not received any disciplinary infractions since being sentenced.  The government's motion to dismiss argues that this is a successive § 2255 petition filed without permission from the Seventh Circuit and thus should be denied.  The government contends that Petitioner's claims do not arise from his June 2012 sentence modification.  Rather, the government argues that the claims relate to the 2006 sentencing and were known to Petitioner at that time and could have been raised in his direct appeal or initial § 2255 petition.  Thus, the government argues this court is without jurisdiction to entertain the successive § 2255 petition without permission from the Seventh Circuit and, additionally, that the petition is untimely.  Petitioner, in his response, argues that the government is misconstruing his petition, and that the claims relate to the June 2012 sentence because the modified sentence still contains the "manager/supervisor" enhancement, and thus the argument against the enhancement is necessarily embedded in that sentence.

ANALYSIS

*Seventh Circuit Case Law on Second or Successive Habeas Petitions*

"Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. See 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)-(b), 2255(h). The court of appeals may authorize a second or successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition. [citation omitted]" *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013).

The Seventh Circuit has noted that not all subsequent motions "are 'second or successive' within the meaning of the statutes, for the phrase is a term of art in the technical world of habeas procedure." *Suggs*, 705 F.3d at 282. Pertinent to the arguments advanced by the parties in the instant case, the Seventh Circuit has "held that such motions after resentencing are not second or successive when they allege errors made during the resentencing, but they are second or successive when they challenge the underlying conviction." *Suggs*, 705 F.3d at 282, citing *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001). This holding, however, has been called into question by the Supreme Court's decision in *Magwood v. Patterson*, 130 S.Ct. 2788 (2010). In *Magwood*, the Court held that, where a state prisoner pursuant to 28 U.S.C. § 2254 successfully challenged his sentence, he could file a second § 2254 petition challenging an alleged error at the resentencing, even if the

alleged error occurred at the original sentencing as well. *Magwood*, 130 S.Ct. at 2801. The Supreme Court rejected the state's argument that the prisoner's claim was not "new" because the trial court made the same mistake at the original sentencing, holding "[a]n error made a second time is still a new error. That is especially clear here, where the state court conducted a full resentencing and reviewed the aggravating evidence afresh." *Magwood*, 130 S.Ct. at 2801. In analyzing *Magwood*, the Seventh Circuit concluded the Supreme Court "left open the question of whether a motion following a resentencing is 'second or successive' where it challenges the underlying conviction, not the resentencing." *Suggs*, 705 F.3d at 284. Thus, because the Court left that question open, the Seventh Circuit felt bound to follow the precedent established in *Dahler*, and continues to hold that, where a petitioner does not claim that any errors, new or repeated, occurred in the resentencing, and only claims errors made in the underlying conviction, such a petition is a second or successive petition. *Suggs*, 705 F.3d at 284-85.

*Whether Petitioner's Petition is Second or Successive*

The arguments of the parties center on whether Petitioner's claim is "new" and rising out of the June 2012 sentence, or whether Petitioner's claim could have been raised when sentence was imposed in 2006. However, before the court can analyze these arguments under either *Suggs* or *Magwood*, the court must first determine whether there has even been a "resentencing" or "intervening judgment" so that those cases would apply.

In both *Suggs* and *Magwood*, the prisoner petitioners successfully challenged their judgments under the habeas statutes.[1] *Suggs*, 705 F.3d at 281; *Magwood*, 130 S.Ct. at 2793. In

---

[1] *Suggs* involved a § 2255 petition of a prisoner in federal custody pursuant to a federal judgment, whereas *Magwood* involved a § 2254 petition of a prisoner in custody pursuant to a state court judgment. However, the bar on successive challenges under § 2254 is parallel to the

*Suggs*, the petitioner successfully alleged in his initial § 2255 petition that he received ineffective assistance of counsel regarding his sentencing guideline calculations. *Suggs*, 705 F.3d at 281. In *Magwood*, the petitioner successfully alleged that his sentence was unconstitutional because the trial court failed to find statutory mitigating circumstances relating to his mental state. *Magwood*, 130 S.Ct. at 2793. He received a new, full sentencing hearing. *Magwood*, 130 S.Ct. at 2793. The Court was careful to note that there had been an "intervening judgment" and that the subsequent § 2254 petition, the one challenging error at the resentencing, was the petitioner's "*first* application challenging that intervening judgment." *Magwood*, 130 S.Ct. at 2801 (emphasis in original). In analyzing *Magwood*, both the majority and dissent in *Suggs* made clear that the *Magwood* holding applied only to cases in which there had been a "new" or "intervening" judgment following a successful initial habeas petition. *Suggs*, 705 F.3d at 284 ("Treating the petitioner's resentencing as a new, intervening, judgment, the Court held that his new petition challenged the intervening judgment and therefore was not 'second or successive.'"); *Suggs*, 705 F.3d at 285 (Sykes, J., dissenting) ("*Magwood* held that a second-in-time habeas petition under 28 U.S.C. § 2254 is not 'second or successive' under 28 U.S.C. § 2244(b) if it challenges a new judgment entered after a successful § 2254 petition.").

Here, however, Petitioner's initial § 2255 petition was *unsuccessful*. *White v. United States*, No. 09-CV-2184, 2009 WL 4730486 (C.D. Ill. Dec. 4, 2009) (opinion denying initial § 2255 petition); *White v. United States*, No. 10-1273 (7th Cir. July 12, 2010) (Seventh Circuit mandate denying Petitioner a certificate of appealability for his initial § 2255 petition). Rather, Petitioner's

---

bar under § 2255, and the court therefore applies analysis and reasoning based on § 2254's treatment of second or successive petitions to § 2255. *Suggs*, 705 F.3d at 283, n.1.

sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) following an amendment to the sentencing guidelines by the Sentencing Commission that was made retroactive. The motion was unopposed by the government and disposed of with a short, one page order reducing Petitioner's sentence that was careful to note that "[e]xcept as otherwise provided, all provisions of the judgment dated 12/1/06 shall remain in effect." Petitioner did not receive a sentence reduction due to a successful habeas petition.

The court must now determine whether a sentence reduction under § 3582(c)(2) qualifies as a "new" or "intervening" judgment under *Magwood* and *Suggs*. Motions under § 3582(c)(2) are very limited and specific. "Section 3582(c)(2) permits a district court to reduce the term of imprisonment for a defendant 'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission' so long as 'such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009). In reducing a sentence under § 3582(c)(2), the district court has to recalculate the sentence based on the amended guidelines, but, in doing so, all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. *Webb*, 565 F.3d at 793. The court then has the discretion, in light of the factors in 18 U.S.C. § 3553(a), to choose whether to impose the newly calculated sentence or to keep the original sentence. *Webb*, 565 F.3d at 793. In contrast, a habeas petition under § 2254 or § 2255 is a challenge to a judgment arguing that the sentence was imposed in violation of the U.S. Constitution or federal law, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Motions under § 2255 and § 3582(c)(2)

are not the same.  See *United States v. Purnell*, No. 11-3737, 481 Fed. Appx. 262, 2012 WL 4378267 (7th Cir. Sept. 26, 2012) ("Although Purnell labeled his filing as a request for a sentence reduction under § 3582(c)(2), his motion is not related to any retroactive amendment of the sentencing guidelines, which is a predicate for bringing the motion. [citation omitted] Rather his motion attacks his original sentence, advancing claims that are substantively within the scope of § 2255.").  A sentence reduction under § 3582(c)(2) is not a "new" or "intervening" judgment pursuant to a successful habeas petition and *Magwood* does not apply to the instant case.  See *Desper v. United States*, 2010 WL 5058674, *1, n.2 (S.D. W.Va. Dec. 6, 2010) ("The court does not treat the March 11, 2008, order reducing petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2) as the entry of a new judgment that might warrant a departure from the rule barring successive section 2255 motions.  The order merely reduced by two points petitioner's total offense level in accordance with an amendment to the United States Sentencing Guidelines.").

Petitioner's sentence was reduced pursuant to § 3582(c)(2).  It was not reduced pursuant to a successful habeas petition.  The June 2012 reduction of sentence did not constitute a new or intervening judgment.  Petitioner's initial § 2255 was denied by this court in 2009.  Thus, Petitioner's current Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is a second or successive motion under § 2255 filed without the prior certification of the Seventh Circuit Court of Appeals and must be dismissed for lack of jurisdiction.  28 U.S.C. § 2255(h).

CERTIFICATE OF APPEALABILITY

In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, it is clear that Petitioner's habeas petition was filed as a second or successive habeas petition under § 2255 without prior certification by the court of appeals. The fact that the petition was a second or successive petition would not allow any reasonable jurist to conclude that the court has erred in dismissing the petition because it has no jurisdiction to entertain the case. Therefore, a certificate of appealability is denied.

IT IS THEREFORE ORDERED THAT:

(1) The government's Motion to Dismiss (#10) is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DISMISSED with prejudice for lack of jurisdiction.

(3) Petitioner's request for a Certificate of Appealability is DENIED.

(4) This case is terminated.

ENTERED this 20th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE